# SUPREME COURT OF TEXAS.

## AUSTIN TERM, 1862.

---

### FELIPE GARCIA v. THE STATE.

The want of consent of the owner to the taking of his property alleged to have been stolen is an essential ingredient of the crime of theft; and unless proved, the commission of the offence cannot be inferred.

Though possession of stolen property, especially if recent after the commission of the theft, is presumptive evidence of the guilt of the possessor; yet, the mere possession has never been held to establish the caption and asportation of the property without the consent of the owner. A verdict of guilty, therefore, unsustained by any other evidence than the fact of the mere possession of the property stolen, is not supported by the evidence, and a new trial should have been granted.

Where the party found in possession of stolen property gives an unreasonable or improbable explanation of his possession of it, the onus of proving its truth lies upon him; but if his explanation is natural and probable, and satisfactorily accounts for his possession of the property, it devolves, as a general rule, upon the State to show that it is false.

Indictments under Article 765 of the Penal Code must allege the possession from which the stolen animals were taken; and for a want of such an allegation, a motion in arrest of judgment should be sustained.

APPEAL from Bexar. Tried below before the Hon. Thomas H. Stribling.

The appellant and one Achilles Deal were indicted for the theft of two mules, the property of Alfred M. Rowlett. A verdict of

14

guilty being found, the defendant moved for a new trial, which was refused.    Thereupon, he moved in arrest of judgment, assigning for cause, that " the indictment does not allege the property in the possession of any one at the time it was taken." This motion also was overruled, and the defendant sentenced, according to the finding of the jury, to five years in the Penitentiary.

The other facts appear in the opinion.

*Attorney-General,* for appellee.

MOORE, J.—The taking of the property *without the consent of the owner*, is an essential ingredient of the offence, for which the appellant is indicted.    And unless this is proved, we cannot infer that any offence has been committed.    Possession of stolen property, especially if recently after the commission of the theft, has always been regarded as presumptive evidence of the guilt of the possessor.    But it has never been held that the mere possession of property is evidence of its caption and asportation without the owner's consent.    Although the agent of the owner was examined as a witness, it does not appear from the record that there was even an effort made by the State to prove that the mules, alleged to have been stolen, were taken without his or the owner's consent. The verdict is, consequently, in this essential particular, wholly unsupported by the evidence, and the motion for a new trial should have been granted by the court.

When the account given by a party in whose possession stolen property is found, explanatory of his possession of it, is unreasonable or improbable, the onus of proving its truth lies on him; but if it is natural and probable, and satisfactorily accounts for his possession of the property, as a general principle, it devolves upon the State to show that it is false.    (Regina v. Crownhurst, 47 Eng. Com. Law Reps, 370.)    The statement made in the presence of the appellant by Deal, who assumed the entire guilt, if any offence had been committed, seems to be a reasonable and satisfactory explanation of the appellant's connection with and apparent joint possession of the property; and was sufficient, unless, in some

Garcia v. The State.

manner, rebutted by the State, to have exonerated him from the presumption of guilt arising from his presence with it.

It was also incumbent upon the State to identify the property found in the possession of the appellant, with that for the theft of which he was indicted. And this it would appear from the case of the Commonwealth v. Kinnison, 4 Mass. Reps., 646, must be done by the most direct and positive testimony of which the case is susceptible. The only evidence on this point before the jury, was the description of the size and color of the mules by the different witnesses; and that the mules described in the indictment were received by the Sheriff from parties who were present when those found in appellant's possession were delivered into the hands of the justice of the peace; and that those parties, at the same time, placed the appellant in the custody of the Sheriff, together with the mittimus from the justice committing him to answer for the offence for which he was subsequently indicted. This, to say the least of it, is a much more unsatisfactory character of testimony than the direct and positive proof which might, it is evident in this case, have been adduced. But as the evidence tended to support the verdict, and the case must be reversed on other grounds, we deem it unnecessary to determine whether the failure of the State to identify the property by more direct and positive testimony, would be of itself a sufficient cause for the reversal of the judgment.

Art. 765 of the Penal Code makes the stealing of one of the domestic animals enumerated in it, a distinct offence from theft in general, as defined by the previous articles. But in this article of the Code there is no definition of the offence inhibited by it, and to ascertain this we have to look to the definition of theft, as given in the preceding articles; and there we find that the allegation of the possession from which the stolen property was taken is made by the definition of the offence, a necessary ingredient in its description. This allegation is omitted in the indictment in this case; it is therefore defective, and the motion in arrest of judgment should have been sustained.

The judgment is reversed and the cause remanded.

Reversed and remanded.