### HENRY GADSON v. THE STATE.

1. In an indictment for theft it is necessary to charge that the property stolen was taken from the possession of the owner, or from that of some person holding the same for the owner.
2. An indictment for theft charged the stealing of a pistol from a house,

without stating from whose possession the pistol was taken. *Held* to be fatally defective and insufficient to support any judgment, and therefore the court below erred in not sustaining defendant's motion in arrest of judgment.

APPEAL from McLennan. Tried below before the Hon. J. W. Oliver.

There is no occasion for a statement of facts.

No brief for the appellant has reached the hands of the reporter.

*Wm. Alexander, Attorney-General,* for the State.

OGDEN, J. The indictment in this case is fatally defective, in not properly charging the crime of theft, which it attempted to do. To constitute theft, the property alleged to have been stolen must have been fraudulently taken from the possession of the owner, or from the possession of some person holding the same for the owner. (Paschal's Digest, 2381.) This is a material fact to constitute the crime of theft, and is therefore a necessary allegation in every indictment for that offense.

The indictment charges the defendant with stealing a navy revolving pistol "from a house there situate," without stating from whose possession the pistol was taken, nor even stating in whose possession the house was from which the pistol was stolen. We think the indictment not in compliance with the law, and insufficient to support any judgment, and that therefore the court erred in not sustaining the motion by defendant's counsel in arrest of judgment; and for this error the judgment is reversed and the cause dismissed.

Reversed and dismissed.