TAMPY GARNER v. THE STATE.

1. An indictment for theft is fatally defective when it fails to charge that the property stolen was taken from the possession of any one.
2. A clerk of the District Court should, in certifying his official acts, use such a signature as will designate the court of which he is the clerk. The mere affix of the word "clerk" is not sufficient.

3. *Quære :* Has this court authority to grant a rehearing in a criminal case after the judgment of conviction has been reversed ?

4. In this appeal by a defendant convicted of theft, the indictment as copied in the transcript was fatally defective ; but the Attorney-General submitted the cause to this court, and the judgment below was reversed on account of the defect. Subsequently the Attorney-General moved for a rehearing, on the ground that there was a diminution of the record, and that the apparent defect in the indictment was caused by a mistake of the district clerk in transcribing the indictment. *Held,* to be the better practice to refuse the rehearing.

Appeal from Brazoria. Tried below before the Hon. A. P. McCormick.

It will be observed that two opinions were rendered in this case—one being on motion of the Attorney-General for a rehearing. The facts of the case are disclosed in the opinions.

No brief for the appellant.

*Wm. Alexander, Attorney-General,* for the State.

Walker, J. The appellant was indicted for stealing fifty dollars, the property of Samuel Williams.

The indictment does not charge that the money was in the possession of Williams, nor of any other person. It is therefore defective in law, and should have been quashed.

The case was badly managed in the court below. No motion was made in arrest of judgment; the appellant was tried on a bad indictment ; and the judgment should have been arrested, and probably would have been, had the attention of the court been called to the defect in the indictment.

There is no assignment of errors in the record. There is a fragmentary scrap of paper accompanying the record, which purports to be an assignment of errors, and is certified by one Charles Holmes, clerk, to be a true copy of an original on file in his office. Charles Holmes, clerk, for all this court knows, may be the clerk of a steamboat or of a dry goods store, and may have an office : but if he is neither, and is really the clerk of the District Court of Brazoria county, we would suggest to

him that he had better say so in all papers which he sends to this court over his official signature.

The judgment in this case must be reversed and the cause remanded.

OGDEN, J.   The appellant was indicted for the theft of a certain amount of money.   She was tried and convicted, and an appeal was taken to this court.

The case was decided at the present term of this court, and the judgment of the District Court was, reversed and the case dismissed, because of a fatal defect in the indictment in failing to charge that the money stolen was taken from the possession of any one.   The Attorney-General now moves the court to set aside the judgment rendered by this court, and grant a rehearing in the case, and suggests a diminution of the record sent up, by the omission of the district clerk to copy in the indictment a material allegation, which supplies the defect on account of which the judgment of the District Court was reversed and the case dismissed.   He also asks for a *certiorari* to bring up a perfect record.

The authority of this court to grant a rehearing or new trial in criminal cases after a party has been tried and acquitted or been discharged, is extremely doubtful, but the motion in this case will be refused on other grounds.

The transcript came up here in its imperfect state, and the apparent defect in the indictment was known to the attorney for the State, and yet he saw proper to submit the case for the decision of the court, and he must abide the consequences.

There can be no fault or neglect of duty chargeable to the Attorney-General, for he had a right to suppose that the official certificate of the clerk of the District Court was true, but we deem it the better practice to refuse all applications of this character, in order, if possible, to induce greater care in bringing up records for decision by this court.

The motion is therefore refused.