## JOHN WATTS *v.* THE STATE.

1. THEFT — PLEADING. — Whenever the value of the stolen property affects the penalty for the offence, the value must be alleged in the indictment or information, and must be established by the proof. But when a statute makes the theft of any particular kind of property an offence *per se,* its value is immaterial, and need not be alleged or proved.

2. SAME — POSSESSION. — Indictments or informations for theft must allege the possession from which the property was taken.

APPEAL from the County Court of Mason. Tried below before the Hon. W. HOLLAND, County Judge.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, J. Appellant was tried and convicted on an information charging him with the theft of a pistol, of the

value of $12.   If the information was a good and sufficient one, the judgment would still have to be reversed because the evidence does not prove the value of the pistol.

The rule is, that whenever the value of a stolen article affects the penalty for the offence, it must not only be alleged in the indictment or information, but must also be established by the proof.   *Meyer* v. *The State*, 4 Texas Ct. App. 121, and authorities cited; *Sheppard* v. *The State*, 1 Texas Ct. App. 522; *Cook* v. *The State*, 2 Texas Ct. App. 290; *Martinez* v. *The State*, 41 Texas, 164.   A different rule prevails where the theft of any particular kind or species of property is made by statute a felony *per se*.   In these latter cases it is not necessary to allege or prove value.   *Davis* v. *The State*, 40 Texas, 134; *Johnson* v. *The State*, 29 Texas, 492; *Lopez* v. *The State*, 20 Texas, 781.

But the information itself is fatally defective, in that it fails to allege that the pistol was taken from the possession of any one.   An allegation of the *possession* from which the stolen property was taken is made by the statutory definition of theft a necessary ingredient in its description, and is essential to the validity of an indictment or information charging that offence.   Pasc. Dig., art. 2381; *Garcia* v. *The State*, 26 Texas, 211; *Gadson* v. *The State*, 36 Texas, 350; *Garner* v. *The State*, 36 Texas, 693; *Thomas* v. *The State*, 1 Texas Ct. App. 289.

Because the information is insufficient in law to charge the offence, the judgment is reversed, and the prosecution, as here sought to be conducted, is dismissed.

*Reversed and dismissed.*