# C. L. CASE vs. THE STATE OF TEXAS.

## COURT OF APPEALS, AUSTIN TERM, 1882.

*Theft—Indictment—Evidence—Ownership—Possession.*—The indictment for theft must allege the possession from whom the property was taken, and proof that it was taken from the possession of a person who held the same for the owner, is sufficient to convict. But when the evidence fails to show privity of possession between the owner and the person from whose possession the property was taken, it is a fatal variance.

Appeal from Bexar District Court—Opinion by Willson, J.—The defendant was charged with the theft of a double-barrelled shotgun over the value of twenty dollars, the property of L. C. Grothaus, and that he took the gun from the possession of the said Grothaus. The evidence was that the gun was not taken from the possession of Grothaus, but from the possession of one Louis Pope, in whose possession it had been left by one Smith, who had borrowed it from Grothaus.

The question here presented to us is, is there not a material and fatal variance between the allegation of possession and the evidence ? We think there is. In the case of Thomas vs. the State, 1 Ct. App., 289, this court held, where the indictment alleged that the property was taken from the possession of the owner, and the evidence showed that it was taken from the possession of a servant of the owner, who had it in charge as such servant, that there was no variance between the allegation and the evidence, because the possession of the servant was, in law, the possession of the owner. But in the case at bar, the evidence fails to show any privity between the owner of the gun and the person from whose possession it was taken. In fact, the evidence shows that Pope was holding the gun, not for Grothaus, the owner of it, but for one Smith. The allegation of the possession from which the stolen property was taken, is made by the definition of theft a necessary ingredient in its description. (Garcia vs. The State, 26 Texas, 209; Gadson vs. The State, 36 Texas, 350; Watts vs. The State, 6 Ct. App., 263). It being essential to allege the possession from which the stolen property was taken, the allegation must be proved as made, at least substantially. It will not do to allege the possession in one person and prove it to have been in an entirely different person. This would be contrary to that wise and well settled rule of law that the allegation and the proof must substantially correspond.

Because of the variance between the allegation and the proof as

to the possession of the property, this case is reversed and remanded.