his appearance at said special term. Why the clerk did not see fit to incorporate so important a matter in his original transcript, and thereby save all the trouble we have been subjected to, is a matter we cannot understand and he does not explain. If he had done his duty in this respect we would have been fully informed in the first instance of the correctness of the action of the court below, and its reason for forfeiting a bond which on its face and in contemplation of law appeared to be null and void.

In view of the additional important information which he has afforded us in his second transcript, the judgment heretofore rendered by us reversing and dismissing the prosecution will be set aside, and the cause reinstated, and the judgment of the court below will be reformed and rendered so that the obligors may only be held jointly and not severally bound for the amount due, they being by the terms of said bond bound "jointly and severally" and not separately for the penalty. (*Ishmael* v. *The State*, 41 Texas, 144; Code Crim. Proc., Art. 869.)

The judgment of the court below is reformed and rendered.

*Reformed and rendered.*

Opinion delivered February 17, 1883.

---

[No. 1474.]

## ALEX. IRVINE *v.* THE STATE.

1. THEFT—POSSESSION OF RECENTLY STOLEN PROPERTY—CHARGE OF THE COURT.—See the opinion *in extenso* for a state of case wherein, in addition to a proper charge given on the possession of property recently stolen, the court should have instructed the jury that any reasonable explanation of his possession of the property recently stolen, made by the defendant at the time he was found in possession of the property, if not shown to be false, rebuts the suspicious circumstance of recent possession, and devolves the burden of proving the falsity of such explanation upon the State.

2. SAME—EVIDENCE—NEW TRIAL.—See the opinion *in extenso* for evidence *held* insufficient to sustain a conviction for theft of a steer; wherefore the trial court should have awarded a new trial.

APPEAL from the District Court of Marion.  Tried below before the Hon. B. T. Estes.

The opinion discloses the entire case.  The penalty imposed by the jury was a term of two years in the penitentiary.

No brief for the appellant has reached the Reporters.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, J.  Defendant was convicted of the theft of a steer, the property of J. R. Metz.  In substance the evidence was as follows:  Metz owned a steer, which he lost.  He saw him last on Monday.  On the Saturday following he found the head and entrails of such an animal in the range where the steer ran, and the horns on the head were like those of his steer.  On the next Tuesday Metz obtained a search warrant to search defendant's premises.  Defendant made no objection to the search.  He was asked if he had any fresh beef.  He said yes; that he had bought some the Saturday before in Jefferson, and paid one dollar and twenty-five cents for it; that he did not know the man he bought it from, but that he bought it from a white man, and it was sold to him in the "lump" for twenty-five pounds.  He brought out the beef, and it was weighed on an old pair of steelyards and weighed a little more than twenty-five pounds.  He was asked if he had a gun, and answered that he had none.  Search was made, and a rifle gun, powder and bullets were found in his house.  One of the bullets, which fitted the rifle gun, was compared with the bullet hole in the steer's head, and it fitted the hole.  Head and entrails were found about a mile and a half from defendant's house.  No marks were on the head by which it could be identified as that of the lost steer.  The foregoing constitute the inculpatory facts proved by the State.

Defendant proved that on Saturday before his house was searched he was in Jefferson, and was seen with some beef which he told the witness he had purchased for one dollar and twenty-five cents, and that it had been lumped off to him for twenty-five pounds.  By another witness he was seen on the same Saturday going home from Jefferson with some beef in a sack, which he said he had bought in Jefferson, and that it was lumped off to him at one dollar and twenty-five cents for twenty-five pounds.

Upon this evidence the court, among other charges, gave the jury the following: "The possession of property recently stolen, even where the possession and the theft by some one is shown, is not of itself sufficient to authorize the conviction of such possessor as the thief; but such possession. where the same is shown in evidence, may be considered by the jury with other circumstances, if any, in evidence in determining as to whether the defendant is guilty or not." This charge is not objectionable as far as it goes; but the learned judge omitted to instruct the jury that any reasonable explanation of such possession, made by the defendant at the time he is found in possession of the property, if not shown to be false, rebuts the suspicious circumstance of recent possession, and devolves the burden of proving the falsity of such explanation upon the State. (*Perry* v. *The State*, 41 Texas, 483; *Thompson* v. *The State*, 43 Texas, 268; *McCoy* v. *The State*, 44 Texas, 616; *Garcia* v. *The State*, 26 Texas, 209; *Hannah* v. *The State*, 1 Texas Ct. App., 578; *Shackelford* v. *The State* 2 Texas Ct. App., 385; *Hampton* v. *The State*, 5 Texas Ct. App., 463.)

We think the evidence in this case imperatively demanded such a further charge as we have indicated. Defendant, at the time he was found in possession of the fresh beef, gave a reasonable explanation of his possession, the falsity of which was not proved by the State; and this issue should have been submitted to the jury in connection with the one as to recent possession.

We will further say, in regard to the evidence in this case, that in our judgment it is insufficient to sustain the conviction. It is entirely circumstantial, and does not come up to the standard required by law. There is no satisfactory evidence proving that the fresh beef found in the possession of defendant was a part of the lost steer. All the evidence identifying the remains of the dead steer found in the range with the one charged to have been stolen was that the horns of the two were alike, and that the steer was missing from his range, There was no evidence connecting the defendant with the killing of the steer, except that he had some fresh beef, and a rifle gun the bullets of which fitted the hole in the dead steer's head. We could not give our consent to sanction a conviction upon evidence so unsatisfactory and insufficient, and we think the court below should have granted the defendant a new trial. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered February 21, 1883.