Opinion of the court.

---

[No. 2529.]

## L. H. MADDOX *v.* THE STATE.

1. THEFT.—INDICTMENT for theft is fatally defective if it fails to allege the ownership of the stolen property, or that the owner of it is unknown to the grand jurors. Allegation that the accused "did fraudulently take and steal a horse from the possession of John Dennis" is not an allegation of ownership.

2. PRACTICE IN THE COURT OF APPEALS.—After the judgment in this case was reversed and the prosecution dismissed because of the insufficiency of the indictment, the appellant moved this court to set aside its judgment. Except the desire of the appellant, no cause is disclosed why the judgment of this court should be set aside, and his motion is therefore overruled.

APPEAL from the District Court of Milam. Tried below before the Hon. W. E. Collard.

The nature of this case is disclosed in the opinion first delivered in it by this court. A term of five years in the penitentiary was the punishment awarded the appellant in the court below.

*E. L. Antony* and *W. M. McGregor*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE. Defendant was convicted of the theft of a horse, upon an indictment, the charging portion of which is as follows: "did fraudulently take and steal a horse from the possession of John Dennis, without his consent, with intent to deprive the said John Dennis of the value thereof, and with intent to appropriate the same to the use and benefit of him the said L. H. Maddox." There is in this indictment no averment of *ownership.*

An indictment for this offense is substantially and fatally defective which fails to allege in direct terms to whom the property stolen belongs, or that the owner thereof is to the grand jurors unknown. (*Garner* v. *The State*, 36 Texas, 693; *Garcia* v. *The State*, 26 Texas, 209; *Watts* v. *The State*, 6 Texas Ct. App., 263; *Irving* v. *The State*, 8 Texas Ct. App., 46; *Culberson* v. *The*

*State,* 2 Texas Ct. App., 324; 1 Whart. Proc., 415; 1 Bish. Crim. Proc., sec. 718; 2 Bish. Crim. Proc., sec. 800.)

Because this indictment fails to allege the ownership of the horse charged to have been stolen, the judgment is reversed and the proscution is dismissed.

*Reversed and dismissed.*

Opinion delivered May 19, 1883.

[Reporters' Note.—At a subsequent day of the term the following opinion was delivered upon a motion filed by the appellant.]

Hurt, Judge. On the nineteenth day of May last, the judgment in this case was reversed and the prosecution dismissed because the indictment was fatally defective.

On the twenty-first day of May the appellant filed a motion to set aside the judgment of this court reversing the judgment of the lower court and dismissing the prosecution.

In said motion there is no pretense that said judgment is in any respect not perfectly correct. No reason is urged in the motion why this court should grant the motion.

The indictment being fatally insufficient, we will not permit it to stand, though urged by defendant to do so. "No citizen of this State shall be deprived of his liberty unless by due process of law." The motives prompting this motion are not apparent to us. Whether defendant is desirous of a home in our penitentiary or not, we cannot say. Being certain of the soundness of our action in reversing said judgment and dismissing the prosecution, and to prevent further complications, we will not grant the motion.

The motion is refused.

*Motion overruled.*

Opinion delivered June 16, 1883.