## DUCKWORTH *v*. STATE.

### Opinion delivered June 10, 1907.

1. LARCENY—POSSESSION OF STOLEN GOODS—INSTRUCTION—It was error to instruct the jury in a larceny case that the unexplained possession of recently stolen goods, corroborated by other evidence, is sufficient to convict, it being the exclusive province of the jury to determine when the evidence is sufficient to convict. (Page 194.)

2. WITNESS—IMPEACHMENT—INSTRUCTION.—It was error to instruct the jury that if they believe that the impeaching witnesses base their testimony on any ground except that of general reputation of the impeached witness for truth or morality, they might disregard the impeaching testimony, as a witness may be impeached by showing that he has made contradictory statements. (Page 195.)

Appeal from Ashley Circuit Court; *George W. Norman,* Special Judge; reversed.

*Robt. E. Craig,* for appellant.

1. Evidence of the possession of stolen goods is not admissible until it is proved by competent evidence that the goods were stolen. 91 Am. St. Rep. 21; 2 Bishop, Crim. Proc. § 739.

2. The sixth instruction is ambiguous. If its meaning is to instruct the jury on the wright of evidence of impeaching witnesses, it invades the province of the jury; if it means that im-

peaching testimony can only be based on the general reputation of the witness sought to be impeached for truth or morality in the community where he lives, it is distinctly not the law. Kirby's Digest, §.3138; 53 Ark. 389. The fifth instruction is also erroneous. 34 Ark. 445; art. 7, § 23, Const.; 55 Ark. 244; 58 Ark. 576.

*Wm. F. Kirby,* Attorney General and *Daniel Taylor,* assistant for appellee. ·

Appellant's attack on the sixth instruction is farfetched. In the beginning of the sentence the jury are plainly told that the impeachment alluded to is that occasioned by the reputations of witnesses in the communities where they reside. It is clear and states the law. The fifth instruction, though unhappily worded, is in the first part an abstract statement of the law, and in the latter part submits the concrete facts to which the rules of law should apply. It is wholly hypothetical, and the court nowhere expresses an opinion as to the weight of evidence. 34 Ark. 443; 17 S. W. 1019; 6 Cold. (Tenn.), 9; 9 Tex. App. 288; 11 Tex. App. 503; 18 Cal. 382; 20 Cal. 177; 83 Cal. 374.

BATTLE, J., The grand jury of Ashley County, at the August, 1905, term of the Ashley Circuit Court, returned into court an indictment against W. A. Duckworth, Branch Duckworth and George Adams for burglary and larceny. The defendants moved the court to require the State to elect the offense charged in the indictment for which they should be tried. The, court sustained the motion, and the State elected larceny. The defendants, W. A. and Branch Duckworth, were arraigned and pleaded not guilty, were tried and convicted. They moved for a new trial, upon a denial of which they appealed.

On the 28th day of January, 1905, George C. Malloy owned a small stock of goods, contained in a house at Milo, in Ashley County, in this State. On the night of that day the house was burned. What part of the goods, if any, was burned does not appear. A short time after the fire a small part of them was found in the possession of W. A. Duckworth. For stealing a part of these goods the defendants were indicted. The evidence of the guilt of the defendant, W. A. Duckworth, was circumstantial. We fail to discover any evidence of the guilt of Branch Duckworth.

Over the objections of the defendants the court instructed the jury in part as follows :

"5.   The court instructs you that the possession of property recently stolen, unexplained, is evidence of the defendant's guilt, but it is not such evidence as must compel you to convict, but when such possession is corroborated by other evidence it is sufficient to convict; and if you believe from the evidence in this case that the defendants were found, immediately after the burning of G. C. Malloy's store, in possession of the goods, or of any part of the goods, in said store, and the possession is corroborated by other evidence tending to connect the defendants with the larceny, then you will find them guilty.

6.   "The court instructs you that either side to a prosecution may introduce witnesses to impeach opposing witnesses as to the general reputation in the community where they live for truth and morality, but such impeachment does not set aside the evidence of the witnesses so impeached, but still leaves it for you to determine whether you will so accept the testimony of the witnesses so attempted to be impeached or the witness introduced to impeach him; and you are only to consider such testimony when you come to determine what credit you are to give to the testimony of such witnesses, and you may disregard the entire testimony of impeaching witnesses; and if you believe impeaching witnesses base their testimony on any ground except that of general reputation of witness impeached, in the community where he lives, for truth or morality, you may disregard *in toto* the impeaching testimony".

The defendants asked for instructions as to the sufficiency of circumstantial evidence to convict.

Instruction numbered 5 should not have been given.   In *Shepherd* v. *State,* 44 Ark. 39, it is said:   "The possession by a party of stolen goods is a fact from which his complicity in the larceny may be inferred, but this fact, standing alone, is not sufficient to sustain a conviction.   It must be made to appear that the property was recently stolen; the possession must be unexplained, and in some form involve an assertion of property in the possessor.   *Boykin* v. *State,* 34 Ark. 443; *Davis* v. *State,* 50 Miss. 86; Wharton, Cr. Ev. § 758. "

In *Blankenship* v. *State,* 55 Ark. 244, the court said:   "The

circuit court undertook to say to the jury what weight they might attach to the denial of the defendant as to the possession of the stolen goods, and the fact that a part of them was found in his possession immediately after the denial was made and soon after they were stolen, and his failure to explain such possession. It in effect instructed them that proof of the stealing of the goods and of these facts was sufficient to convict. This was error. It is within the exclusive province of the jury to determine, under the instructions of the court, as to the law of the case, when the evidence is sufficient to convict. The court had no right to point out what inferences may or should be drawn from particular facts in proof. Section 23 of article 7 of the Constitution expressly declares that judges shall not charge juries with regard to matters of fact. All the court had a right to say to the jury in regard to the facts mentioned was, they might consider the evidence adduced to prove them in connection with the other evidence introduced, and if, upon such consideration, they believed that the defendant was guilty beyond a reasonable doubt, they should convict. *Haley* v. *State,* 49 Ark. 148; *Shinn* v. *Tucker,* 37 Ark. 581; *Fitzpatrick* v. *State, Id.* 239; *Keith* v. *State,* 49 Ark. 439."

The instruction does not conform to the rulings of the court in those cases.

Instruction numbered 6 is ambiguous, and should not have been given in that shape. Relevant and competent testimony should not be arbitrarily disregarded. A witness may be introduced to impeach the testimony of a witness by showing that he has made statements different from his testimony in the case.

"If the State relies upon circumstantial evidence to convict, it is not necessary that each circumstance relied upon be proved beyond a reasonable doubt; the test being whether, upon the testimony in the whole case, there is a reasonable doubt of the defendant's guilt." If there is, he should be acquitted. *Lackey* v. *State,* 67 Ark. 416. The testimony in the whole case must exclude every reasonable hypothesis of his innocence before he can be convicted.

For error in giving instruction numbered 5 the judgment is reversed, and the cause is remanded for a new trial.