McFall *v.* First National Bank of Forrest City.

Opinion delivered April 14, 1919.

1. Banks and banking — refusal to honor check — damages.— Where a bank wrongfully refuses to pay checks of a depositor having funds subject to check, the depositor is entitled to recover substantial damages.

2. Banks and banking — refusal to honor check — damages.— In an action by merchant depositors against a bank for the latter's wrongful refusal to honor their check, the only burden imposed upon the plaintiffs, in order to recover substantial damages, was to show that they had sufficient funds in defendant bank to cover checks drawn, and that the bank refused to pay them.

3. Banks and banking — refusal to honor checks — damages.— In such action the jury in assessing the damages to plaintiffs should consider the importance of the checks to the merchants' business, the size of the account, the merchants' standing as business men in their community, and the probable effect the dishonoring of the checks had on their credit.

Appeal from St. Francis Circuit Court; *J. M. Jackson,* Judge; reversed.

*C. W. Norton,* for appellants.

The court erred in its instructions to the jury. They should have been instructed that plaintiffs were entitled

to "substantial" damages and that a mistake of the bank in dishonoring the checks would not excuse it from liability. 5 Cyc. 535; Ann. Cases, 1913, A. 999; 7 Am. Cases 818; 10 *Id.* 897; 121 Pac. 939; 67 N. E. 655; 5 R. C. L. 550. If the depositor is a merchant or trader, "substantial" damages will be presumed without proof. 5 R. C. L. 550 and cases cited; Ann. Cases, 1913, A. 1002. See also 121 Pac. 939; 5 R. C. L. 549, 546; 7 Ann. Cas. 818.

*Mann, Bussey & Mann* and *R. J. Williams,* for appellee.

1. The court's instructions in this case were responsive to the pleadings and evidence. No special damages were alleged nor proven. The case was submitted on the theory that plaintiffs were entitled to substantial damages. The jury found that $50 was sufficient. There was no proof to warrant the submission of any other issue.

2. Substantial damages means that more than nominal damages should be assessed and is defined to be such damages as is fair and reasonable under the facts of the particular case. 15 L. R. A. 134.

3. Many cases hold that only nominal damages are recoverable where no measurable or tangible damages are shown, but here the trial judge adopted the general rule that the mere fact of refusal to pay the depositors' checks without a good and sufficient excuse is sufficient to warrant a recovery of substantial damages and so instructed the jury. 7 C. J. 696 and cases cited. The jury thought $50 sufficient and the judgment should be affirmed, as there is no error.

HUMPHREYS, J. Appellants instituted suit against appellee in the St. Francis Circuit Court to recover damages for wrongfully and wilfully dishonoring or refusing to pay certain checks drawn by them upon appellee in favor of the Southwestern Telephone & Telegraph Company engaged in business in Forrest City, Arkansas, and various wholesale merchants engaged in business in Memphis, Tennessee. In substance, the complaint alleged that appellants were partners engaged in a general grocery

and butcher business in Madison, Arkansas; that appellee was a national bank engaged in the banking business at Forrest City, Arkansas; that, in May, 1917, appellants were depositors in appellee's bank and issued checks on their deposit, payable to the Southwestern Telephone & Telegraph Company and certain wholesale merchants in Memphis, Tennessee, which checks, in the course of negotiation, were passed through banks in Memphis, St. Louis and Forrest City; that, in due course of business, said checks were presented to appellee for payment, and wrongfully and wilfully refused or "turned down" by it on the 18th, 19th and subsequent dates in May, 1917, to the damage of appellants in the sum of $6,000.

Appellee filed answer, denying that it wilfully or wrongfully refused to pay or "turned down" checks of appellants; or that appellants were damaged in any sum by reason of its refusal to pay the checks when presented, but admitting all other allegations in the complaint.

The cause was submitted to a jury on the pleadings, evidence and instructions of the court, upon which a verdict was returned and judgment rendered against appellee in the sum of $50. Under proper proceedings, an appeal has been duly prosecuted to this court from the verdict and judgment.

The evidence disclosed that on May 14, 1917, appellants, who were engaged in the mercantile and butcher business at Madison, Arkansas, deposited $293 with appellee, who was engaged in the banking business at Forrest City; that they drew checks against the deposit on and after May 14, 1917, in payment of a telephone bill and goods purchased in Memphis; that the deposit was sufficient to pay all checks drawn; that the check to the telephone company was presented to appellee and refused; that the checks issued to wholesale merchants in Memphis passed through Memphis, St. Louis and Forrest City banks in the regular course of business; that four of them were presented to appellee prior to May 24, 1917, and refused; that one of the checks was refused on the 18th and 21st days of May; that on the 19th day of May the atten-

tion of the bank had been called by Mr. McFall to the fact that appellants had money in the bank to pay the checks, and, on the 21st day of May, their attention was again called to that fact by Mr. Scales, who showed the cashier the deposit slip issued to them for $293 on the 14th day of May, for which they had not received credit; that thereafter checks were refused until appellants made a deposit on May 22nd of a sufficient amount to pay them; that, on May 25th, the error was discovered and appellee gave appellants credit as of that date for the sum of $293 deposited by them on May 14th.

This appeal involves a determination of the rule by which to measure damages against a bank for refusal to pay a merchant depositor's check, who has sufficient funds on deposit to pay it. There is no statute in our State fixing the measure of damages in this character of case; so, under section 623 of Kirby's Digest, the common law rule will control. The common law rule, as stated in *Siminoff* v. *Jas. H. Goodman & Company Bank* (Cal.), 121 Pac. 939, is as follows: "Substantial damages are recoverable against a banker for dishonoring the check of a depositor where there is sufficient money in his hands at the time to meet it." See also *Rolin* v. *Steward*, 14 C. B. 595, and other English cases referred to in the note to the annotated case of *Lorick* v. *Palmetto Bank & Trust Company* (S. C.), Am. & Eng. Ann. Cas., vol. 7, p. 818. The note appears on page 819. The great weight of American authority is clearly in accord with the common law rule. The general rule announced under the heading, "Liability of Bank to Drawer" in 5 Cyc., p. 535, is as follows: "If the bank neglect or refuse to pay on order of a depositor, where the latter has sufficient funds on deposit and no other good excuse exists, the depositor can maintain an action against the bank for the money, and is *entitled* to recover *substantial* damages for such refusal." The text is supported by a number of cases from many States in the Union. Touching upon the measure of damages in this character of case, it is said in Ruling Case Law at page 548 that "even where the de-

positor is unable to show any special loss or injury, the authorities seem to be almost universal to the effect that he is not limited to mere nominal damages'' and that the depositor "is entitled to recover general compensatory damages.'' The doctrine thus announced in the text is sustained by leading American cases under citations 15 and 17. It is indicated in the note to *Blanche O. Lorick* v. *Palmetto Bank & Trust Co.,* vol. 7, Am. & Eng. Ann. Cas., 818, that the American cases adhering to the common law rule have followed the English case of *Rolin* v. *Steward,* 14 C. B. 595; 78 E. C. L. 595, and that the American cases announcing a contrary rule have followed the English case of *Marsetti* v. *Williams,* 1 B. & Ad. 415, 20 E. C. L. 412. In that note, the case of *Rolin* v. *Steward, supra,* is characterized as a leading case on that subject, and the fact is emphasized that Judge Campbell "instructed the jury that they ought not to limit their verdict to nominal damages, but should give the plaintiff such temperate damages as they should judge to be reasonable compensation for the injury which they must have sustained from the dishonor of their checks;'' and that the case of *Marzetti* v. *Williams* "can hardly be considered as an authority in point,'' because the point at issue was not involved in that case. Concerning the latter case, it is said in the note that "the only question before the court was whether or not the defendant was entitled to a nonsuit because the action should have been brought in contract and not in tort. Beyond that point the statements are merely *obiter.*'' The chief reasons assigned in support of the doctrine sustained by the great weight of authority, to the effect that a merchant or trader has a right to recover substantial damages for the wrongful refusal of a bank to honor his check when he has sufficient funds in the bank to pay it, is that "the wrongful act of the banker in refusing to honor the check imputes insolvency, dishonesty or bad faith to the drawer of the check, and has the effect of slandering the trader in his business.'' 5 R. C. L. 549. These reasons are sound and all sufficient.

Many other reasons have been assigned but we deem it unnecessary to reiterate them here, as we do not understand that learned counsel for appellee seriously controvert the common law rule adopted by the weight of American authority. In fact, they virtualyy concede the rule in their opening and closing statements to the effect that the court, in substance, instructed the jury that appellants were entitled to substantial damages and that the case was tried and the verdict returned on that theory. We have examined the several instructions given by the court on the measure of damages and find that they precluded the idea that appellants, being merchants, were entitled to recover substantial damages, without first making proof that they had sustained actual damage. For example: The court gave the following written instructions:

"The jury is instructed that if you find from the evidence that the checks were not paid, notwithstanding plaintiffs had money in the bank, the defendant would be liable for nominal damages only, unless it is shown by the evidence that they in fact suffered actual damage."

"The jury is instructed that the burden is on the plaintiff to show by competent evidence the amount of damage sustained by them, if any, in excess of nominal damages."

It will be observed in the first instruction just above quoted that the court clearly told the jury that only nominal damages could be returned unless it was first established by the proof that appellants had suffered actual damages. It will also be observed in the last instruction just above quoted that the burden was placed upon appellants to show by competent evidence that they were actually damaged before they would be entitled to any sum in excess of nominal damages. This instruction was erroneous for the reason that, under the law, the only burden imposed upon appellants was to show that they were merchants, that they had money on deposit in appellee's bank in sufficient amount to cover checks drawn by them, and that the bank refused payment of the

checks. The instruction as written, imposed the additional burden of requiring appellants to prove by competent evidence the amount of damages sustained by them, if any, in excess of nominal damages. The instruction practically eliminated the presumption of substantial damages arising from the law in favor of appellants on account of their being merchants at the time appellee turned down their checks.

As a further evidence that the court had in mind and intended to convey the idea to the jury, in his written instructions, that it was necessary for appellants to prove some actual damage before they could recover substantial or moderate damage, the following oral instruction was given at the conclusion of the written instruction:

"Then, gentlemen, I will give you this additional instruction: The jury is instructed that if you find from the evidence that the checks were not paid, notwithstanding the plaintiffs had money in the bank, the defendant would be liable for nominal damages, unless it is shown by the evidence in the case that they in fact suffered actual damages."

At this juncture, appellants excepted to the oral instruction, whereupon the court instructed the jury as follows:

"Gentlemen, I give you this additional instruction; it was given to you a few minutes ago, but since that time, I have modified it, and give it to you in this form: If you find that the plaintiff should recover, you are instructed that in arriving at what is a fair and just sum for the damages sustained, you will take into consideration the importance of these checks to the plaintiff's business; also the size of their account; also the plaintiffs' standing as business men in their community, and you will fix the damages at such sum as you think will be a fair and just compensation for the injury sustained, if you find there has been an injury sustained by the plaintiffs."

The latter instruction properly set out matters that the jury should consider in arriving at their verdict. For example: It told them that they should take into consid-

eration the importance of the checks to the plaintiffs' business, the size of their account, the plaintiffs' standing as business men in their community, etc., which direction was proper matter to be taken into consideration in arriving at a verdict for substantial damages, but the instruction thus given carried the same error as was contained in the first two written instructions copied in this opinion. It will be noted that the latter clause, of the last oral instruction given, states that the jury should fix just compensation for the injury sustained if the jury found that appellants had sustained injury. This direction necessarily implied that unless the evidence showed appellants had sustained actual injury they could not recover more than nominal damages. The instruction carried the same error as the other instructions above quoted and did not clear up the clean-cut statement in the first oral instruction given, which was to the effect that unless the evidence in the case showed actual damage, only nominal damages could be recovered. If by any manner of construction it could be said that the last oral instruction conveyed the idea to the jury that appellants were entitled to a verdict for substantial damages it would be in direct conflict with the two written instructions quoted above, which were in no wise modified or attempted to be modified by it.

It cannot be said, under the facts in this case, that the jury would not have returned a larger verdict had they been properly instructed to the effect that the law presumes that a merchant or trader suffers substantial damage by having his check dishonored by a bank in which he has sufficient funds to meet such checks, and that it was unnecessary for a merchant or trader to prove damages in any specific or certain amount in order to entitle him to damages for a substantial amount.

For the error indicated, the judgment is reversed and the cause remanded for a new trial.

McCULLOCH, C. J., (dissenting). The first and readiest answer to the contention that prejudicial error

was committed by the court's refusal to charge the jury as to the right of appellants to recover substantial damages is that the jury's verdict awarded substantial damages, and no prejudice resulted even though the ruling of the court was incorrect. An award of fifty dollars is not an award of nominal damages. That sum is a substantial one, and is, in this instance, apparently adequate according to the evidence adduced. At any rate, the evidence in the record is such that we cannot say that the jury erred in the assessment of damages. The court instructed the jury that "in arriving at what is a fair and just sum for the damages sustained" they should "take into consideration the importance of those checks to the plaintiff's business, also the size of their account, also the plaintiff's standing as business men in their community" and "fix the damages at such sum as you think will be a fair and just compensation for the injury sustained." In view of the award of a substantial sum as damages, it ought to be presumed that the jury followed that instruction and that no prejudice resulted from the court's refusal to charge the jury concerning appellant's right to recover substantial damages, or from the instruction that there would only be liability for nominal damages "unless it is shown by the evidence that they (appellants) in fact suffered actual damages," even if the court committed error in those respects. This court should not annul the judgment on account of immaterial error.

But it seems clear to me that the court did not err in its charge. An instruction telling the jury that appellants were entitled to substantial damages would have been a charge on the weight of the evidence, which is prohibited by the Constitution, article 7, section 23. Principles of law appropriately declared in opinions of courts with respect to the weight and sufficiency of evidence are out of place in an instruction to a trial jury where, as in this State, judges are forbidden to charge on the weight of evidence. This has been illustrated in cases here. For instance, it was once said by this court, in discussing the weight of evidence, that unexplained possession of re-

cently stolen property was sufficient to sustain a conviction of larceny (*Shepherd* v. *State*, 44 Ark. 39), but we have since repeatedly held that it is improper, as an instruction on the weight of evidence, for the trial court to tell the jury so. *Blankenship* v. *State*, 55 Ark. 244; *Duckworth* v. *State*, 83 Ark. 192; *Thomas* v. *State*, 85 Ark. 138; *Reeder* v. *State*, 86 Ark. 341. And in an opinion this court declared the law to be that in a suit for malicious prosecution the jury may infer malice from proof of want of probable cause (*Lavender* v. *Hudgens*, 32 Ark. 763; *Bozeman* v. *Shaw*, 37 Ark. 160), but it has been decided that an instruction to that effect would be erroneous. *L. B. Price Mercantile Co.* v. *Cuilla*, 100 Ark. 316; *Dare* v. *Harper*, 101 Ark. 37; *Kable* v. *Carey*, 135 Ark. 137. Other similar instances may be found in the decisions of this court.

The instructions requested by appellants were indeed open to the objection that they related to the weight of the evidence and were erroneous unless it be held that as a matter of law the wrongful or negligent failure of a bank to pay the check of a depositor who is a merchant entitles such person to recover substantial damages under all circumstances. No court ever held that, and it is contrary to reason, for everyone familiar with the ordinary run of business affairs knows that some merchants are in such affluent circumstances and their credit is so firmly established that not a cent of actual injury is sustained by the failure or refusal of a bank to pay a check. The most that has been decided on the subject is that a trial jury may, without direct proof as to the extent of the injury, infer injury resulting to the credit of a merchant from the failure of a bank to honor his check, and in jurisdictions where instructions on the weight of evidence are not forbidden the courts may charge juries to that effect.

This doctrine, which the majority of the judges of this court now invoke as calling for a reversal of the judgment of the circuit court, had a very small beginning to have grown to such dimensions, in the English case of

*Rolin* v. *Steward,* 14 C. B. 595. The trial court had in that case told the jury that they "ought not to limit their verdict to nominal damages, but should give the plaintiff such temperate damages as they should judge to be a reasonable compensation for the injuries sustained." The jury returned a verdict assessing damages in favor of the plaintiff in the sum of 500 pounds, and the appellate court affirmed the judgment on appeal, saying: "A breach of contract of this sort must of necessity be injurious to a person in trade, and if so, the jury might properly take that into consideration and give damages accordingly." The practice in the English trial courts is for the judges to sum up the evidence in their charge to juries and they are not forbidden to charge on the weight of evidence; so in the light of that power, the decision of the appellate court was undoubtedly correct. Many American courts have followed that lead, and the majority of them hold that direct proof of injury is not essential to the recovery of substantial damages, for the reason that an inference of substantial injury may legitimately be drawn from the fact that a trader's check has been dishonored, which is, of itself, calculated under ordinary circumstances to injuriously affect the credit of a merchant. I have no quarrel with that holding, but I think it is wrong and out of harmony with our own decisions to say that a trial court may instruct a jury what inference they may draw from the circumstances. This inference is one of fact and is not a presumption of law, and the courts have no right under the Constitution of this State to charge juries on the weight of such inferences. The correct rule was stated by Judge Hook in delivering the opinion of the United States Circuit Court of Appeals for this circuit in the case of *Bank* v. *Ober,* 178 Fed. 678, where he said: "This rule proceeds upon the fact, commonly recognized, that the credit of a person engaged in such a calling is essential to the prosperity of his business, and the dishonoring of his checks is plainly calculated to impair it, and to inflict a most serious injury. In common opinion substantial damages is the nat-

ural and probable consequence of the act, and, therefore, a substantial recovery may be had without pleading or proof of special injury." The court in that case went on to decide that no such inference could be drawn as to a person not in business, which shows that the rule creates only an inference of fact under certain circumstances, and that it is not a presumption or rule of law which a trial court can declare to a jury. The trial court can only instruct the jury, as was done in the present case, that in order to ascertain the amount of the damages consideration should be given to the condition of the plaintiffs and the probable effect the dishonoring of the checks had on their credit.

Nor was there any error in the instruction telling the jury that the burden of proof was on appellants to "show by competent evidence the amount of damages sustained, if any, in excess of nominal damages." This instruction was, of course, to be considered in connection with the others which followed telling the jury what circumstances they might consider in ascertaining the extent of the injury. Our statute puts the burden of proof on the plaintiff as the party having the affirmative of the issue, and this instruction was in line with that statute.

It would have been proper for the court, if asked, to instruct the jury that it was not essential for the damages to be proved by direct evidence, and might be proved by circumstances, but no such instruction was asked for. That was, however, the effect of the last oral instruction given by the court.

Mr. Justice SMITH concurs in these views.