LORICK v. PALMETTO BANK AND TRUST CO.

BANKS—DAMAGES.—Refusal of bank to pay check of depositor having funds to his credit by saying the deposit was in the savings department and could not be paid except on presentation of pass-book, is equivalent to a refusal to pay and entitles depositor to temperate damages, and recovery is not dependent upon allegation and proof of special damages.

Before PURDY, J., Richland, Fall Term, 1904. Reversed.

Action by Blanche O. Lorick against Palmetto Bank and Trust Co. From judgment for defendant, plaintiff appeals.

*Mr. Frank G. Tompkins,* for appellant, cites: *Damages for malice may be given without claiming punitive damages:* 5

Ency., 2 ed., 661; 114 Mass., 519; 32 Mich., 77; Bald. (U. S.), 138. *Qualified refusal is equivalent to refusal:* 5 Ency., 2 ed., 1059; 12 Rich., 518. *Plaintiff is entitled to damages:* 14 C. B., 595; 5 Ency., 2 ed., 1060; 2 Add. Cont., sec. 820; 2 Mors. on Banks, sec. 458; Newm. Bank Dep. (N. C.), sec. 215; 3 Ency., 226; 12 Rich., 525.

*Messrs. Weston & Aycock,* contra, cite: *Damages suffered should have been alleged:* 3 Brev., 185; 1 N. & M., 326, 343; 2 Bank Cas., 573, 587; 1 McM., 116; Cheves, 149; Dudley, 185; 2 Spears, 536; 14 C. B., 607; 15 L. R. A., 134; 5 Bank Cas., 628; 70 S. C., 108. *Damages for mental suffering are not allowed where compensatory damages only are alleged:* 57 S. C., 330; 69 S. W. R., 759; 8 Ency., 2 ed., 688.

April 14, 1906. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This action was commenced on the 15th day of September, 1903. It came on for trial before Judge Purdy and a jury, on the 28th of November, 1904. Its object was the recovery of $1,000 damages. After hearing the testimony and argument of counsel and the Circuit Judge's charge, the jury rendered a verdict in favor of the defendant. After judgment an appeal was taken to this Court.

The admitted facts are that the plaintiff on the 14th March, 1903, deposited with the defendant bank the sum of $313.75, to be paid out on the check of the plaintiff during banking hours of the defendant. On the 2d day of July, 1903, she issued to one H. R. Harris or bearer a check on the defendant bank for the sum of $13.75; the defendant informed the holder of the check that the plaintiff had funds in its bank to her credit sufficient to pay said check, but that the same were in the savings department of said bank, the rules of which required that all checks presented for payment should be accompanied by the bank's pass-book, and there-

upon the holder of the check left the bank. Then on Monday succeeding the day on which the said check was first presented the check was again presented for payment, which was again declined for the reason before given.

It was found that the bank made a mistake, for the funds of the plaintiff were not deposited in the savings department of the bank, but were really subject to the check of the plaintiff, and that this fact was discovered by the bank when the plaintiff presented her book of deposit; that then the bank offered to pay the check, but plaintiff declined to receive the money. On the afternoon of that day, Monday, the bank, through one of its officials, tendered the money to the attorney of the plaintiff, which was declined, with information that suit would be brought.

The defendant admitted that its books showed that plaintiff had on deposit subject to her credit the sum of $213.75, and that said books of the bank were easily accessible by its teller and assistant teller. Regret was expressed by its officers for their mistake.

When the Judge charged the jury, "That if the jury believed that there was no positive and unqualified refusal to pay, they should find for the defendant"—he was in error in this case, for the action of the bank on presentation of the check was tantamount to a refusal to pay. There was no mistake on the part of the plaintiff. The error was committed by the defendant. The Judge should have charged that the jury should have found a verdict for temperate damages. *Atlanta National Bank* v. *Davis,* 23 Southeastern Reporter, 191; 3d A. & E. Ency. of Law, 1st edition. 226.

We will not pass upon the other questions raised, because there must be a new trial at any rate.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed and the action remanded to the Circuit Court for a new trial.

Mr. Justice Woods *concurring.* This action was brought for damages for refusal to pay plaintiff's check for

$13.75 against her deposit account with the defendant bank. The refusal was due to the error of the bank teller in supposing that the plaintiff's deposit was in the savings department; and when the check was presented he told Harris, the payee, the pass-book would have to be presented with the check. There was no affirmative proof that the plaintiff suffered any injury to her reputation or any financial loss. The verdict was for the defendant. The consideration of the appeal from the refusal of the Circuit Judge to grant plaintiff's motion for a new trial will involve the law of the case, and it will, therefore, be unnecessary to refer to alleged errors in the charge.

The liability of a bank to its depositor for substantial damages, temperate in amount, for refusing to pay his check not exceeding his credit, is generally if not universally recognized. And it is not necessary to recovery that there should be proof of special damages, the law presuming that the result is injury to the credit of the depositor from the general experience of men in such transactions. It is the application of the rule established in cases of slander, the refusal to pay the check being a declaration against the solvency and correct business dealing of the drawer. *Svendsen* v. *State Bank*, 58 Am. St. Rep., 522 (Minn.) ; *Bank* v. *Davis,* 51 Am. St. Rep., 139 (Ga.) ; *Schaffner* v. *Ehrman,* 32 Am. St. Rep., 192 (Ill.) ; *Citizens Bank* v. *Importers and Traders Bank,* 23 N. E., 540 (N. Y.) ; *James Co.* v. *Bank,* 80 Am. St. Rep., 857 (Tenn.), and note; 5 Cyc., 535.

It cannot be denied the argument is strong for holding this case to be an exception to the rule on the ground that the bank officer, in refusing to pay the check, expressly said the drawer had funds to her credit in the savings department, and that the check would be paid on presentation of the pass-book, and hence there was no declaration against the solvency and reliability of the depositor. But even under these circumstances the refusal was a declaration against the correct business methods of the drawer, from which some damages may be presumed to result, and such damages are

something more than nominal though they may be insignificant.

I think, therefore, there was error in refusing the motion for a new trial.