## 10332

### WILSON v. PALMETTO NATIONAL BANK OF COLUMBIA.
#### (101 S. E. 841.)

1. JURY—QUESTION TO JUROR AS TO ANY INDEBTEDNESS TO DEFENDANT BANK NOT REFLECTION ON DEFENDANT.—In an action against a bank for failure to honor plaintiff depositor's check, the question by the Court to the jurors whether any of them were indebted to defendant bank was not erroneous as suggesting that the bank was such a harsh creditor that it would take vengeance on any of its debtors who should render verdict against it.

2. JURY—RIGHT TO FAIR JURY AND CONSEQUENT PROPER CONDUCT OF COURT IN PROCURING IT.—The parties to an action are entitled to a fair and impartial jury, and the trial Court is to be commended for trying to secure such a jury, as by seeking to discover whether any of the jurors were related to plaintiff or were employees, stockholders, or debtors of defendant bank.

3. APPEAL AND ERROR—ADMISSION OF WHOLE LETTER OF WHICH ONLY A PART WAS ADMISSIBLE HARMLESS IN VIEW OF LIMITING INSTRUCTION.—In a depositor's action against his bank for refusal to honor a check, admission in evidence of a letter from plaintiff depositor's attorney to the bank, stating that he was handling a claim against the bank for damages for refusal to honor the check, under instructions not to consider the letter as evidence for any purpose except to show the bank had notice of the depositor's claim, *held* not reversible error, though it would have been better to have had only the material portion of it read to the jury.

4. APPEAL AND ERROR—ASSUMPTION JURY OBEYED INSTRUCTIONS.—The Supreme Court must assume that the jury obeyed the instructions of the Court as to the purpose for which they might consider a certain letter in evidence.

5. BANKS AND BANKING—INSTRUCTION TO RETURN SUBSTANTIAL DAMAGES FOR REFUSAL TO HONOR CHECK NOT ERRONEOUS.—In a depositor's action against his bank for refusal to honor a check, instruction that the damages awarded in such case should be something more than nominal, should be substantial, but temperate in amount, *held* not improper through the use of the word "substantial" in contradistinction to "nominal," in view of the statement the damages also must be temperate and moderate.

6. BANKS AND BANKING—TWO HUNDRED DOLLAR VERDICT FOR REFUSAL TO HONOR TWENTY-SEVEN DOLLAR CHECK NOT EXCESSIVE.—Verdict for $200 in favor of defendant bank's depositor for refusal to honor his check for $27 was not so large as to indicate the jury were misled or governed by passion or prejudice.

Before WHALEY, County Judge, Richland, March term, 1919.    Affirmed.

Action by J. W. Wilson against the Palmetto National Bank of Columbia.    From judgment for plaintiff, defendant appeals.

*Messrs. Weston & Aycock,* for appellant, submit: *That it was error to admit in evidence, over defendant's objection, a certain letter written by plaintiff's attorney to defendant, the error being that it was a mere self-serving declaration on the part of plaintiff: 97* S. E. *843.    That his Honor erred when he instructed the jury to find a verdict for substantial damages, "temperate in amount," when he should have charged them to find a verdict for "temperate" dam-*

*ages:* 74 S. C. 185; 23 S. E. (Ga.) 191; 3 A. & E. Ency. of Law, 1st Ed. 226; 105 S. C. 17.  *His Honor erred in charging the jury, "that the law considers that the dishonoring of a check, when there are funds in the bank sufficient to meet that check, is a declaration, as it were, that that party is to a certain degree insolvent, and that that party does not deal or has not good business dealings."  The error being that by such charge the Court exaggerated beyond the extent of the law the damage incurred by plaintiff:* 69 S. W. (Ky.) 759; 39 Neb. 437; 58 N. W. 82; 43 L. R. A. 190; 64 Minn. 40; 65 N. W. 1086; 31 L. R. A. 552; 58 Am. St. Rep. 522; 58 S. W. (Tenn.) 261; 51 L. A. 255; 80 Am. 857; 96 Ga. 334; 23 S. E. 190; 51 Am. St. Rep. 139; 80 S. C. 207.

*Messrs. Graydon & Graydon,* for respondent.

January 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Defendant appeals from judgment for plaintiff for $250 damages awarded to plaintiff by a jury of Richland County Court for the refusal of defendant to pay a check drawn by plaintiff on defendant, notwithstanding plaintiff had on deposit sufficient funds to pay the same.

The refusal to pay the check was the result of a mistake brought about in this way: Plaintiff had an account with defendant in 1917, and had checked out all the funds to his credit, except one dollar.  On October 18, 1918, he deposited $100.  The existing account was overlooked, and a new account was opened.  Thus plaintiff had two accounts on defendant's books.  The check refused was drawn October 24, 1918, in favor of Maggie Wilson for $27, and was indorsed by her to one Campbell, who presented it at the bank on November 12th.  The clerk to whom it was presented took it to the bookkeeper, and asked if plaintiff had sufficient funds to his credit to pay it.  The bookkeeper turned to the account which showed a credit of only one

dollar, and replied that he had not, and the check was marked "N. S. F." (not sufficient funds) and returned to Campbell, who notified plaintiff of its dishonor. Thereupon plaintiff paid Campbell the amount of the check, and thereafter brought this action for damages.

Before drawing the jury, the Court asked the jurors if any of them were related to plaintiff, or were employees or stockholders of defendant; also, if any of them were indebted to defendant. There was no affirmative response to any of these questions. Defendant objected to the last question and assigns error of prejudice in asking it, on the ground that the jurors may have inferred from the question that defendant was such a harsh creditor that it would take vengeance upon any of its debtors who should render a verdict against it. The inference suggested was neither natural nor probable. The most reasonable inference was that a debtor might be biased unconsciously in favor of his creditor.

Whether the relation of debtor to one of the parties would be sufficient to disqualify a juror is not an issue. But, speaking generally, we may say that the parties to an action are entitled to a fair and impartial jury, and a trial Court is to be commended for trying to secure such a jury. The question asked was not prejudicial.

On cross-examination of plaintiff, he was asked if he made any complaint to defendant, or notified it of its error in refusing to pay his check, or gave it any opportunity to apologize or make amends, before suit. Thereafter, plaintiff was allowed, against objection, to introduce in evidence a letter, dated January 11, 1919, written by plaintiff's attorney to defendant, to the effect that plaintiff had placed in his hands for adjustment, or suit, if necessary, a claim against defendant for damages for refusing to honor his check, and requesting prompt attention. The letter further stated that plaintiff had been injured in his credit and reputation, and had been put to considerable incon-

venience and annoyance. The Court ruled that the letter
would be admitted for the sole purpose of showing when
defendant had notice of plaintiff's claim, and cautioned the
jury not to consider it as evidence of the other statement
therein contained.

The letter might have been excluded as irrelevant to any
material issue in the case, and as containing self-serving
statements of plaintiff; and, as it was admitted for a single
purpose, it would have been better if only that portion of it
had been read to the jury. But, as we must assume that
the jury obeyed the instructions of the Court and considered
the letter only as evidence of the date when defendant was
notified of plaintiff's claim, and as defendant had laid the
foundation for the admission of evidence on that point by
its cross-examination of plaintiff, as above stated, there was
no reversible error in the ruling of the Court.

The next assignment of error is in charging the jury that
the damages awarded in a case like this should be something
more than nominal; that they should be substantial, but temperate in amount. The error complained of is in the use of the word "substantial." It appears that "substantial" was used in contradistinction to "nominal;" that is, damages which are so small as scarcely to be entitled to the name, and such as are given for a mere technical invasion of a right, when no real or actual loss or injury has resulted. The authorities agree, and this Court has held, that, in a case like this, plaintiff is entitled to something more than nominal damages; but that the recovery should be temperate in amount. *Lorick v. Bank & Trust Co.*, 74 S. C. 185, 54 S. E. 206, 7 Ann. Cas. 818. We do not think the jury were misled by the use of the word "substantial," because they were repeatedly told that the verdict for plaintiff must be "temperate" in amount, and, at the request of defendant's attorney, they were told that the word "temperate" means "moderate," and that, in determining the amount, they should consider all the facts and circum-

stances and say what would be temperate—what would be moderate. Too much refinement in the use of words, or in defining them to juries, is more apt to confuse than to enlighten them.

The verdict is not so large as to indicate that the jury were misled or governed by passion or prejudice.

Judgment affirmed.