FIRST NATIONAL BANK OF FORREST CITY v. N. R. McFALL & COMPANY.

Opinion delivered May 17, 1920.

1. BANKS AND BANKING—DAMAGES FOR DISHONORING CHECK.—Refusal of a bank to honor a merchant's check when he had sufficient funds on deposit raises a presumption of substantial injury which is not rebuttable.

2.  BANKS AND BANKING—DISHONOR OF CHECK—MITIGATION OF DAM-
AGES.—Although the presumption that a depositor is substan-
tially damaged by wrongful dishonor of his check is conclusive,
it is nevertheless admissible to prove in mitigation of damages
that no injury was sustained.

Appeal from St. Francis Circuit Court; *J. M. Jack-
son,* Judge; affirmed.

*R. J. Williams* and *Mann, Bussey & Mann,* for ap-
pellant.

1.  This is the second appeal in this case. 138 Ark.
370. There was no burden on appellant to show that
it had sustained substantial damages as the result
of wrongfully turning down a merchant's check. When
it is shown that a check is wrongfully dishonored,
a *prima facie* case is made. The testimony shows
that no substantial damages was suffered by plain-
tiffs by reason of the failure of defendant to pay
the checks. In determining the correctness of the in-
structions when the facts are passed on by the jury, it
is only necessary to call attention to what the testimony
tends to show, and the instructions should cover such
issues as the evidence tended to establish. 76 Ark. 138.
The court erred in refusing No. 3 asked by defendant,
as also No. 2. The weight of authority is that when a
bank fails to pay a check of a nontrader when such party
has funds to his credit, there is no presumption of sub-
stantial damages. As to merchants and traders, the pre-
sumption is that substantial damages have been suffered.
141 N. Y. Supp. 596; 168 *Id.* 387.

2.  The damages are excessive. 3 Elliott on Cont.,
§ 2213.

*C. W. Norton,* for appellees.

1.  The instructions given state the law correctly
as held by this court on the first appeal. 138 Ark. 370.
Instruction No. 2 was erroneous, but if correct it was
not requested in time. 19 Ark. 487-490; 115 Ark. 339;
171 S. W. 895-8; Ann. Cases 1913 B. 898; 65 N. W. 1087;
121 Pac. 939; 15 L. R. A. 134; 28 N. E. 917; 7 Ann. Cas.

818; 58 S. W. 263; 65 N. W. 1086; 28 N. E. 917; 5 R. C. L. 549; 17 *Id.* 430; 25 Cyc. 249.

2. The damages are not excessive.   90 Pac. 877; 14 C. B. 595; 8 Mock. 268; L. R. 5 Priv. C. Cases 346; 28 N. E. 918; 58 L. R. A. 956; 80 S. W. 157; 97 N. E. 665.

HUMPHREYS, J.   Appellee, a mercantile partnership composed of N. R. McFall and W. A. Scales, instituted suit against appellant, an incorporated bank, in the St. Francis Circuit Court, to recover damages on account of appellant's refusal to pay checks drawn by appellee on checking funds theretofore deposited by it in said bank. This is the second appeal in the case.   The first appeal appeared here under the style of *McFall* v. *First National Bank of Forrest City*, and is reported in 138 Ark. 370.   The case was reversed on the first appeal and remanded for a new trial because the trial court instructed the jury that it was incumbent upon appellee to prove actual damages to justify a recovery in excess of nominal damages.   In reversing the case, this court laid down the rule that merchants' and traders' checks, wrongfully dishonored through mistake or otherwise by the bank upon which drawn, are entitled to recover substantial damages against the bank dishonoring them, without pleading or proof of special injury.   In other words, the court announced the doctrine that the law presumed the wrongful dishonor of merchants' and traders' checks substantially damaged their credit, for which they could recover temperate or reasonable damages.   This rule became the law of the case and served as the court's guide on the retrial of the cause.

The only difference between the testimony on the former and present appeals is that the present record reflects evidence adduced by appellant, tending to show that the credit of appellee was not injured by the dishonor of the checks.

Upon reversal and remand, the cause was submitted to a jury upon the pleadings, evidence and instructions of the court, conforming to the rule announced in the

former appeal, which resulted in a verdict and judgment for $500 against appellant in favor of appellee. From the judgment an appeal has been duly prosecuted to this court.

It is insisted by appellant that the only effect of the rule announced in the former appeal was to place the burden upon appellant to show that appellee's credit was not injured, in order to exempt it from liability for substantial damages, and that, having made such affirmative showing, it was entitled to an instruction to the effect that the presumption of substantial damages, resulting from the wrongful dishonor of a merchants' or traders' check, could be overcome by evidence showing to the contrary. Two instructions, Nos. 2 and 3, requested by appellant and refused by the court, were to that effect. It is urged that the court committed reversible error in refusing to give them. One reason for the rule allowing a merchant or trader temperate or reasonable damages for the wrongful dishonor of his checks on mere proof of his character of business is because it is almost impossible to prove special injury or damage. It is just as impossible to prove that no injury resulted as to prove it did. For that reason, if no other, the doctrine contended for by appellant is not sound. The wrongful dishonor of a merchants' or traders' check is a slander on his business. The foundation of his business is the credit which is injured *per se* by the dishonor of his paper. So, this character of case is akin to, and comes within, the category of slander suits in which general damages are allowed as a matter of course without proof of special damages. The necessary and natural consequence of the dishonor of a merchants' or traders' check is to substantially damage him, and the conclusive presumption indulged by the law that he is damaged is based upon such necessary or natural result. Conclusive presumptions of law are irrebuttable by proof. The court did not, therefore, err in refusing to give appellant's requests Nos. 2 and 3.

Notwithstanding the law presumes a depositor is substantially damaged by the wrongful dishonor of his check and that he is entitled to temperate damages without proof of special damage, yet it is permissible to make such proof in mitigation of damages. The fact that such proof is admissible in behalf of a merchant or trader whose check had been wrongfully dishonored would suggest the right on the part of the bank dishonoring the check to affirmatively show that no injury to such depositor's credit resulted, in mitigation of damages, but it could only be used in mitigation of damages, because, if the rule were otherwise, the conclusive presumption of substantial damages, indulged by the law, might be rendered nugatory.

No error appearing, the judgment is affirmed.

McCULLOCH, C. J., dissents.