10637.

DeLAUNAY   v.   UNION NATIONAL BANK.

(107 S. E. 925)

Banks and Banking—Bank Liable for Dishonored Check Drawn by Fiduciary.—Where a check drawn by plaintiff on a deposit account standing in his name as treasurer of a Church was dishonored by defendant, the drawee bank, when it should have been honored, the bank became liable to plaintiff for substantial, but temperate damages; dishonor of a check presumptively resulting in injury to the credit of the depositor, while any imputation of laxity upon a fiduciary with reference to trust funds is a greater reflection on his credit, business methods, and care than a like imputation relative to his personal affairs.

Before Townsend, J., Richland, June, 1920.   Affirmed.

Action by Paul DeLaunay against The Union National Bank. From judgment for plaintiff the defendant appeals.

*Messrs. Barron, McKay, Frierson & McCants,* for appellant, cite: *Doctrine of the Lorick* (74 S. C., 185) *and Wilson* (113 S. C., 508) *cases not applicable where check was drawn as Treasurer and not individually. No presumption that there would have been a prosecution for misappropriation of trust funds*: Cheves Eq. 99, 123.

*Messrs. Cole L. Blease, Logan & Graydon and Graydon & Graydon,* for respondent.   Oral argument.

June 30, 1921.

The opinion of the Court was delivered by Mr. Justice Cothran.

The plaintiff sued the defendant bank for damages resulting from the dishonor of a check drawn by him upon the deposit account standing in his name as treasurer of Trinity Church. It was conceded that the bank should have honored the check. From a verdict in favor of the plaintiff for $750 the bank appeals.

The main point raised by the exceptions is that, the account standing in the name of the plaintiff as treasurer, his personal credit was not affected by the dishonor, and he is not therefore entitled to damages. The theory upon which damages, substantial, but temperate in amount, are allowed in such cases, is that the dishonor of the check presumptively results in injury to the credit of the depositor; it being a declaration against his solvency and correct business dealings. *Lorick v. Bank,* 74 S. C., 188, 54 S. E., 206, 7 Ann. Cas., 818; *Wilson v. Bank,* 113 S. C., 508, 101 S. E., 841. A fiduciary is supposed to be more particular with the trust funds than with his own, and his laxity in reference to them is correspondingly a greater reflection, not only upon his credit, but upon his business methods and the scrupulous care which he should exercise.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.