STATE BANK OF SILOAM SPRINGS v. MARSHALL.

Opinion delivered April 14, 1924.

1. BANKS AND BANKING—LIABILITY FOR DISHONORING CHECK.—A bank is bound to honor checks drawn on it by a depositor having sufficient funds, not subject to any lien or claim, on deposit when the check is presented, and is liable in an action by the depositor for its refusal or neglect to do so.

2. BANKS AND BANKING—LIABILITY FOR DISHONORING CHECK.—Under Gen. Acts 1921, p. 514, § 10, a depositor whose check is wrongfully dishonored by the bank may recover anything more than nominal damages only by allegation and proof of special damages proximately resulting.

3. BANKS AND BANKING—DISHONOR OF CHECK—DAMAGES.—Testimony of plaintiff, keeper of a boarding-house, that she suffered damages to her credit in business was not sufficient, in the absence of proof of the facts and circumstances which occasioned the damage and the amount thereof, to entitle her to more than nominal damages.

Appeal from Benton Circuit Court; *W. A. Dickson,* Judge; reversed.

STATEMENT OF FACTS.

This is an action by Charlotte Marshall against State Bank of Siloam Springs, to recover damages for the refusal by the defendant to honor certain checks drawn on it by the plaintiff, against a deposit subject to checking which she had with the defendant, and which was more than sufficient to meet the checks so drawn when presented.

It appears from the record that, during the period of time involved in this lawsuit and for several years prior thereto, Charlotte Marshall was engaged in operating a rooming and boarding-house in Siloam Springs, Arkansas. On the 19th day of November, 1921, she had on deposit, subject to check, in the State Bank of Siloam Springs the sum of $245.27. On November 23, 1921, she gave a check on the bank for $10 for goods purchased at a drugstore. On November 26, 1921, the plaintiff gave a check upon the bank to a mercantile company for $30.25 in payment of merchandise which she had bought. On the same day she gave another merchant a check on the bank for $20 for merchandise bought from him. On November 25, 1921, she gave a lumber company a check on the bank for $10 for lumber bought from it. Each of these checks was returned marked "no funds," and the bank refused payment on the checks because it had applied the amount on deposit to the credit of the plaintiff in payment of a debt due in the future from the plaintiff to the defendant. It also appears from the evidence of the plaintiff that she was not insolvent at this time. Other facts will be stated or referred to in the opinion.

The jury returned a verdict in favor of the plaintiff against the defendant in the sum of $250; and from the judgment rendered the defendant has duly prosecuted an appeal to this court.

*A. L. Smith,* for appellant.

1. The demurrer to the amended complaint in its entirety should have been sustained. Since the enactment of the statute prescribing the rule of pleading in suits of depositors against banks for wrongfully dishonoring their check, Acts 1921, p. 522, § 10, the bare allegation of wrong refusal to pay plaintiff's checks, and the statement that by reason thereof the credit of the plaintiff was injured in a certain amount, is not sufficient.

2. The plaintiff has wholly failed to prove any special damages, or any damages whatever, by reason of the refusal to pay her checks. N. Y. Supp. 236, 59 N. Y. Super. Ct. 71; 56 N. Y. Supp. 380; 75 *Id.* 861; 35 Hun (N. Y.) 16; 52 N. Y. Supp. 638; 28 Conn. 201; 43 Conn. 562; 81 Mich. 227; 24 Pac. 188; 63 Pac. 812, 23 Utah, 199; 31 S. W. 260; 51 Mo. 319; 42 Mo. App. 542; 12 S. W. 655; 63 Fed. 62; 11 C. C. A. 27; 73 U. S. (6 Wall.) 578; 87 Fed. 135; 46 S. W. 554; 101 Tenn. 1.

*Tom Williams,* for appellee.

Section 10 of the act of March 26, 1921, is unconstitutional and invalid; but, even if valid, the complaint stated a cause of action.

HART, J., (after stating the facts). At the time the plaintiff drew the checks in question on the defendant bank she had on deposit there a sum subject to her check which was greater than the amount of the four checks drawn by her upon which the bank refused payment. The ground upon which the bank dishonored the checks was that it had applied the deposit of the plaintiff towards the payment of a debt which she owed the bank, but which was not then due. It was also shown by the plaintiff that she was not at the time insolvent, and that the bank had no lien on her deposit.

The general rule is that a bank is bound to honor checks drawn on it by a depositor, if it has sufficient funds belonging to the depositor when the check is presented, and the funds are not subject to any lien or claim, and for its refusal or neglect to do so it is liable in an action by the depositor. This rule is so well settled in

this State, as well as elsewhere, that a citation of authorities in support of it is not necessary.

In *McFall* v. *First National Bank,* 138 Ark. 370, and *First National Bank* v. *McFall & Co.,* 144 Ark. 149, this court held that, in case a bank wrongfully dishonors, through mistake or otherwise, a merchant's or trader's check, injury to his credit may be inferred from the fact that he is a merchant or trader, and substantial damages may be awarded upon proof of that fact without anything more.

The reason is that the act of the banker in refusing to honor the check imputes insolvency or bad faith to the drawer of the check, and has the effect of slandering the merchant or trader in his business. The refusal to pay the check injures the credit of the merchant or trader, and because this element of damages is difficult to prove and estimate, temperate damages are allowed. They are more than nominal damages, and are such as would be a reasonable compensation for the injury to the credit of the merchant or trader.

Subsequent to the rendition of these decisions, the Legislature of 1921 passed act 496, whereby the act of the General Assembly of 1913, creating the State Bank Department, was amended. Section 10 of the act reads as follows:

"A depositor, whether a merchant or trader or otherwise, may recover from any bank doing business in this State for or on account of its wrongful dishonor of his check, only upon allegation and proof of such special damages as have approximately resulted to him therefrom." General Acts of 1921, p. 514 at 524.

The evident purpose of the section quoted was to change the rule announced in the decisions referred to above and to require depositors in all cases to prove the amount of damages they have suffered by reason of the bank's refusing to pay their checks before they can recover more than nominal damages. In short, merchants and traders must prove actual loss to their credit

before they can recover damages from a bank for refusing to pay their checks.

In the instant case the court limited the right of the plaintiff to recover against the defendant compensation for damage to her credit. In this connection it may be stated that the plaintiff was not a merchant or trader, and did not suffer any damage to her credit.

In construing the Federal bankruptcy act it has been generally held that a merchant or trader is one whose business it is to buy merchandise, goods or chattels, to sell the same at a profit. One engaged in running a rooming and boarding-house is not a merchant or trader. One engaged in the business of running a boarding and rooming-house is not engaged in the purchase and sale of merchandise or chattels, but is engaged in furnishing the traveling public with a temporary home and with food. It is true that groceries and other merchandise are purchased for use in running rooming-houses and feeding the boarders, but the articles are used by the roomers, and served to the boarders in a changed form.

It has been well said that to say such a business is that of a merchant or trader is giving those words an elasticity of meaning not according to common usage. *Toxaway Hotel Co.* v. *Smathers*, 216 U. S. 439; *In re Excelsior Cafe Co.*, 175 Fed. 294; *In re Wentworth Lunch Co.*, 159 Fed. 413, and *In re United States Hotel Co.*, 134 Fed. 225.

The plaintiff, not being a merchant or trader, was not entitled to recover more than nominal damages under the proof made. Her testimony that she suffered damages to her credit in business was not sufficient to allow her to recover more than nominal damages. She must show the facts or circumstances which occasioned the damage and the amount thereof. At most she only showed, in the present case, that her checks were dishonored by the bank, and that she suffered some inconvenience thereby. It is not shown that she suffered any loss of patronage to her rooming and boarding-house, or that she was prevented from supplying her guests with

food or other articles necessary for their use and comfort. It is shown that one of the merchants in question refused to extend her credit any further, but she continued to buy from him for cash. She was not entitled to recover under the proof made more than nominal damages.

The jury returned a verdict in her favor for $250. There is nothing in the proof tending to show any elements of damages to the plaintiff upon which the jury might base this verdict.

Therefore a verdict for more than nominal damages, under the proof made, is without evidence to support it, and constitutes reversible error.

It follows that the judgment must be reversed, and the cause remanded for a new trial.